IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

GENA RODRIGUEZ,
and others similarly situated,

    Plaintiffs,

v.

BILL HALL, JR. TRUCKING, LTD.;
IRON HORSE TRANSPORT, LLC; and,
DOMINIQUE HALL, AS ADMINISTRATRIX
OF THE ESTATE OF BILL HALL, JR.,

    Defendants.
_____/

C.A. No.: 5:14-cv-459
**COLLECTIVE ACTION**

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GENA RODRIGUEZ (hereinafter sometimes referred to as "Plaintiff"), and others similarly situated, by and through her undersigned counsel, hereby sues Defendants, BILL HALL, JR. TRUCKING, LTD., IRON HORSE TRANSPORT, LLC, and DOMINIQUE HALL, AS ADMINISTRATRIX OF THE ESTATE OF BILL HALL, JR. (hereinafter sometimes referred to collectively as "Defendants"), and in support thereof states as follows:

### INTRODUCTION

1. This is a collective action by Plaintiff, and others similarly situated, against their employers for unpaid wages pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. Plaintiff seeks damages for unpaid

overtime, liquidated damages, injunctive relief, declaratory relief, and a reasonable attorney's fee and costs.

## JURISDICTION

2.     This claim is properly before this Court pursuant to 28 U.S.C. § 1331, since this claim arises under federal law, and by the private right of action conferred in 29 U.S.C. § 216(b).

## VENUE

3.     Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Defendants, BILL HALL, JR. TRUCKING, LTD., and IRON HORSE TRANSPORT, LLC, have offices located in San Antonio, Texas.

## THE PARTIES

4.     Plaintiff is an individual residing in Seguin, Texas.

5.     Plaintiff was at all times material employed by Defendants from October 15, 2011, through November 19, 2011; June 22, 2012, through September 28, 2012; and, May 18, 2013, through January 13, 2014, as a "Truck Driver" in San Antonio, Texas.

6.     BILL HALL, JR., a deceased individual, died on October 10, 2013. Defendant, DOMINIQUE HALL, is an individual who by court order dated December 30, 2013, in cause number 2013PC3848 of the County Court of Bexar County, Texas, in Matters Probate has been appointed as Independent

Administratrix of the Estate of BILL HALL, JR. Defendant, DOMINIQUE HALL (for the purpose of continuity and identification, hereinafter referred to as "BILL HALL, JR."), is being sued in her capacity as the Administratrix of the Estate of BILL HALL, JR.

7.  Defendant, BILL HALL, JR., is an individual who at all times relevant to this matter acted directly or indirectly in the interest of Defendants, BILL HALL, JR. TRUCKING, LTD., and IRON HORSE TRANSPORT, LLC, in relationship to Plaintiff, and others similarly situated; therefore, are joint employers as defined by 29 U.S.C. § 203(d).

8.  Defendant, BILL HALL, JR. TRUCKING, LTD., is a limited partnership formed and existing under the laws of the State of Texas and maintains offices in San Antonio, Texas, with satellite terminals in Uvalde, Texas, and San Marcos, Texas.

9.  Defendant, IRON HORSE TRANSPORT, LLC, is a corporation formed and existing under the laws of the State of Texas and is the general partner of Defendant, BILL HALL, JR. TRUCKING, LTD., maintains offices in San Antonio, Texas.

10. Defendants, BILL HALL, JR. TRUCKING, LTD., and IRON HORSE TRANSPORT, LLC, operate an trucking company primarily engaged in the

delivery of road construction materials throughout the State of Texas and is an employer as defined by 29 U.S.C. § 203(d).

11. Defendants, BILL HALL, JR. TRUCKING, LTD., and IRON HORSE TRANSPORT, LLC, have employees subject to the provisions of 29 U.S.C. § 206 in the facility where Plaintiff was employed.

12. At all times material to this complaint, Defendants, BILL HALL, JR. TRUCKING, LTD., and IRON HORSE TRANSPORT, LLC, employed two or more employees and had an annual dollar volume of sales or business done of at least $500,000.00.

13. At all times material to this complaint, Defendants, BILL HALL, JR. TRUCKING, LTD., and IRON HORSE TRANSPORT, LLC, were collectively an enterprise engaged in interstate commerce, operating a business engaged in commerce or in the production of goods for commerce as defined by § 3(r) and 3(s) of the Act, 29 U.S.C. §§ 203(r)-(s).

14. At all times material to this Complaint, Defendants, BILL HALL, JR. TRUCKING, LTD., IRON HORSE TRANSPORT, LLC, and BILL HALL, JR., were the employers of the Plaintiff, and others similarly situated, and, as a matter of economic reality, Plaintiff was dependent upon Defendants for her employment.

15. Additionally, Plaintiff, and others similarly situated, was individually engaged in commerce and produced goods for commerce and her work was

directly and vitally related to the functioning of Defendants' business activities. Specifically, Plaintiff, and others similarly situated, worked as a truck driver delivering materials utilized in the construction of interstate highways.

16. Plaintiff has retained the law firm of Ross Law, P.C., to represent her in this action and has agreed to pay said firm a reasonable attorney's fee for its services. Plaintiff has entered into a valid contract with Ross Law, P.C., and has appointed the undersigned counsel to be her sole agent, attorney-in-fact, and representative in this suit, exclusive of all other parties, including Plaintiff/Plaintiffs. To avoid tortious interference with Plaintiff's obligations to her attorneys in this suit, all communications concerning this suit must be made by Defendants and Defendants' attorneys solely to and through the undersigned counsel. Plaintiff's contract with an representation by the undersigned attorney gives rise to a claim for reasonable and necessary attorney's fees that Plaintiff is entitled to collect against Defendants pursuant to 29 U. S. C. § 216(b).

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FAIR LABOR STANDARDS ACT

17. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 through 13 above.

18. Throughout the employment of Plaintiff, and others similarly situated, Defendants repeatedly and willfully violated Sections 7 and 15 of the Fair Labor Standards Act by failing to compensate Plaintiff at a rate not less than one and

one-half times her regular rate of pay for each hour worked in excess of 40 in a workweek.

19. Specifically, Plaintiff, and all others similarly situated, has worked numerous weeks in excess of forty hours per workweek, and was not compensated for all work in excess of 40 hours at a rate not less than one and one-half times the regular rate at which she was employed.

20. Pending any modifications necessitated by discovery, Plaintiff preliminarily defines this Class as follows:

> ALL CURRENT OR FORMER BILL HALL, JR. TRUCKING, LTD., IRON HORSE TRANSPORT, LLC, and BILL HALL, JR., EMPLOYEES WHO WERE EMPLOYED AS TRUCK DRIVERS AND WERE NOT COMPENSATED PROPERLY FOR ALL OVERTIME HOURS WORKED

21. This action is properly brought as a collective action for the following reasons:

   a. The Class is so numerous that joinder of all Class Members is impracticable.

   b. Numerous questions of law and fact regarding the liability of BILL HALL, JR. TRUCKING, LTD., IRON HORSE TRANSPORT, LLC, and BILL HALL, JR., are common to the Class and predominate over any individual issues which may exist.

   c. The claims asserted by Plaintiff are typical of the claims of Class Members and the Class is readily ascertainable from BILL HALL, JR. TRUCKING, LTD., and IRON HORSE TRANSPORT, LLC.'s own records. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

d.  Plaintiff will fairly and adequately protect the interests of Class Members. The interests of Class Members are coincident with, and not antagonistic to, those of Plaintiff. Furthermore, Plaintiff is represented by experienced class action counsel.

e.  The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudications with respect to individual Class Members which would establish incompatible standards of conduct for BILL HALL, JR. TRUCKING, LTD., IRON HORSE TRANSPORT, LLC, and BILL HALL, JR.

f.  The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to individual Class Members which would, as a practical matter, be dispositive of the interests of the other Class Members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

g.  BILL HALL, JR. TRUCKING, LTD., RON HORSE TRANSPORT, LLC, and BILL HALL, JR., acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

22. For the foregoing reasons, Plaintiff seeks certification of an FLSA "opt-in" collective action pursuant to 29 U.S.C. §216(b) for all claims asserted by Plaintiff because her claims are nearly identical to those of other Class Members. Plaintiff and Class Members are similarly situated, have substantially similar or identical job requirements and pay provisions, and are subject to Defendants' common practice, policy or plan regarding employee wages and hours.

23. In addition to the named Plaintiff, numerous employees and former employees of Defendants are similarly situated to Plaintiff in that they have been denied overtime compensation while employed by Defendants.

24. Plaintiff, and all others similarly situated, primarily worked from 5:00 a.m. to 7:00 p.m., Monday through Saturday, with a few exceptions, and worked held the position of "Truck Driver," delivering materials utilized in the construction of interstate highways, and were not paid overtime for their work in excess of 40 hours per workweek.

25. Defendants' policy of not paying overtime is company-wide and "Truck Drivers," delivering materials utilized in the construction of interstate highways, employed by Defendants during the three years prior to the filing of this action have been deprived of overtime, similarly to the Plaintiff.

26. Plaintiff is representative of these other employees and is acting on behalf of their interests as well as Plaintiff's own interests in bringing this action.

27. Defendants either knew about or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA and failed to act diligently with regard to their obligations as employers under the FLSA.

28. Defendants failed to act reasonably to comply with the FLSA, and so Plaintiff, and all others similarly situated, are entitled to an award of liquidated damages in an equal amount as the amount of unpaid overtime pay pursuant to 29 U.S.C. § 216(b).

29. The acts described in the above paragraphs violate the Fair Labor Standards Act, which prohibits the denial of overtime compensation for hours

worked in excess of 40 per workweek.

30. As a result of Defendants' unlawful conduct, Plaintiff, and all others similarly situated, is entitled to actual and compensatory damages, including the amount of overtime which was not paid that should have been paid.

31. Plaintiff, and all others similarly situated, is entitled to an award of reasonable and necessary attorneys' fees, costs, expert fees, mediator fees and out-of-pocket expenses incurred by bringing this action pursuant to 29 U.S.C. § 216(b) and Rule 54(d) of the Federal Rules of Civil Procedure.

WHEREFORE, PREMISES CONSIDERED, Plaintiff, GENA RODRIGUEZ, and all others similarly situated, demand Judgment against Defendants, BILL HALL, JR. TRUCKING, LTD., IRON HORSE TRANSPORT, LLC, and BILL HALL, JR., jointly and severally, for the following:

a. Determining that the action is properly maintained as a class and/or collective action, certifying Plaintiff as the class representative, and appointing Plaintiff's counsel as counsel for Class Members;

b. Ordering prompt notice of this litigation to all potential Class Members;

c. Awarding Plaintiff and Class Members declaratory and/or injunctive relief as permitted by law or equity;

d. Awarding Plaintiff and Class Members their compensatory damages, service awards, attorneys' fees and litigation expenses as provided by law;

e. Awarding Plaintiff and Class Members their pre-judgment, moratory interest as provided by law, should liquidated damages not be

awarded;

f.  Awarding Plaintiff and Class Members liquidated damages and/or statutory penalties as provided by law;

g.  Awarding Plaintiff and Class Members such other and further relief as the Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff, GENA RODRIGUEZ, and others similarly situated, demands a jury trial on all issues so triable.

Respectfully submitted this 16th day of May, 2014.

        **ROSS LAW GROUP**
        1104 San Antonio Street
        Austin, Texas 78701
        (512) 474-7677 Telephone
        (512) 474-5306 Facsimile
        Charles@rosslawpc.com

        _/s/ Charles L. Scalise_
        **CHARLES L. SCALISE**
        Texas Bar No. 24064621
        **DANIEL B. ROSS**
        Texas Bar No. 789810
        **ATTORNEYS FOR PLAINTIFF**